IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNYS MONTERO, | § | |
| TDCJ-CID NO. 1532872, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-1496 |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Dennys Montero, a state inmate proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his confinement in an intermediate sanction facility ("ISF"). (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.13). Petitioner has not responded to the motion. For the reasons to follow, the Court will grant respondent's motion for summary judgment and dismiss this habeas action with prejudice.

BACKGROUND

Petitioner reports that on September 18, 2008, he was convicted in the 399th State District Court of Bexar County, Texas, of burglary of a building in cause number 2007-cr-11227, for which he was sentenced to four years confinement. (Docket Entry No.1). Petitioner claims that his parole was revoked on September 24, 2010, at the Byrd Unit in Huntsville, Texas. (*Id.*). He states that he has not filed a petition, application or motion in any state of federal court challenging his parole revocation. (*Id.*).

In his "Motion for Immediate Release or in the Alternative, Respondents Should be Ordered to Show Cause," petitioner reports that on December 6, 2010, he was ordered to an ISF "until successful completion of the program." (Docket Entry No.5). He completed the program on March 21, 2011, but he is still confined in the sanction facility. (*Id.*).

Exhibits attached to this motion show that a parole warrant issued for petitioner on September 22, 2010, on allegations that he possessed a controlled substance, left the State of Texas without approval of his supervising officer, and violated electronic monitoring after hours. (Docket Entry No.5-1, pages 1-2). Petitioner admitted that he violated such conditions of his parole release. (*Id.*). Following a hearing on December 12, 2010, the hearing officer and analyst recommended placement in ISF, which the Parole Board panel granted. (*Id.*, pages 2, 3). The decision was premised on the special condition that petitioner participate in the ISF program until completion. (*Id.*). On March 9, 2011, petitioner received a Discharge Summary that shows a successful completion of the Gateway treatment program. (Docket Entry No.5-2). The Discharge Summary shows a discharge plan, which states, in part, that petitioner "is to report to his parole officer and follow all directives." (*Id.*). Petitioner's projected discharge date was March 21, 2011. (*Id.*).

Petitioner complains that although he has successfully completed the program on March 21, 2011, he is being illegally detained in the ISF and "cannot get [a] straight answer from Institutional Parole Officer." (Docket Entry No.1, page 7).

Respondent moves for summary judgment on grounds that petitioner's claims are unexhausted and moot. (Docket Entry No.13).

## DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park,*

*Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  The petitioner must give the highest state court a fair opportunity to rule on the claim, which requires the petitioner to present his claims in accordance with the court's procedural rules.  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254 (b)(1)(B).

Under Texas law, confinement in an ISF is a condition of parole that the Board of Pardons and Paroles is authorized to impose in lieu of revoking an offender's parole.  *Ex parte Adams*, 941 S.W.2d 136, 137 (Tex. Crim. App. 1997).  ISF confinement is a change in the conditions of parole release as opposed to revocation and incarceration.  *See Ex parte McCurry*, 175 S.W.3d 784, 785 n.1 (Tex. Crim. App. 2005).  Claims regarding challenges to the constitutionality of a condition of release on parole are cognizable under Article 11.07 of the

Texas Code of Criminal Procedure. *See Ex parte Campbell*, 267 S.W.3d 916 (Tex. Crim. App. 2008). Petitioner's pleadings, state court records, and respondent's summary judgment records, which petitioner does not dispute, show that he has not filed a habeas corpus application in the Texas Court of Criminal Appeals to challenge the condition of ISF confinement that was imposed upon his parole. (Docket Entries No.1, No.5, No.10). Therefore, the claims raised in the present petition are unexhausted.

Moreover, respondent's summary judgment evidence reflects that petitioner "was released from ISF custody on 5-26-2011 and re-instated to parole, due to warrant withdrawal from his original maximum discharge date of 9-23-2011." (Docket Entry No.13-1, page 3). Therefore, the present petition and the grounds presented were rendered moot upon his release from the ISF. *See Spencer v. Kemma*, 523 U.S. 1, 7-8, 17-18 (1998).

Accordingly, respondent is entitled to summary judgment and this habeas action is subject to dismissal.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural

grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

## CONCLUSION

For these reasons, the Court ORDERS as follows:

1. Respondent's Motion for Extension of Time (Docket Entry No.9) is DENIED, as moot.

2. Respondent's Motion for Summary Judgment (Docket Entry No.13) is GRANTED and Petitioner's Motion for Immediate Release (Docket Entry No.5) is DENIED.

3. The petition is DISMISSED WITH PREJUDICE as moot and for failure to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

4. A certificate of appealability is DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 21st day of February, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE